(116 App. Div. 867)

SMITH et al. v. HOLDEN et al.

(Supreme Court, Appellate Division, Second Department. January 25, 1907.)

WILLS—CONTESTS—DISMISSAL.

Code Civ. Proc. § 2653a, providing for an action in the Supreme Court to determine the validity of the probate of a will, requires the surrogate to transmit a certified copy of the record to the Supreme Court, and that the party sustaining the will shall be entitled to open and close the evidence and argument, and that he shall offer the will and rest. *Held*, that where, in such an action, the pleadings of both parties alleged the admission of the will to probate, it was error to dismiss the complaint because the surrogate had not furnished the required certificate.

Appeal from Trial Term, Queens County.

Action by John A. Smith and others against Elmer A. Holden and another. Plaintiffs appeal from a judgment dismissing the complaint. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

James H. Hickey (Henry W. Bridges, on the brief), for appellants. Harrison S. Moore, for respondents.

RICH, J. This action was brought, under the provisions of section 2653a of the Code of Civil Procedure, to determine the validity of the probate of the last will and testament of one Phebe Ann Berrian. The plaintiffs are her heirs at law and next of kin, and the defendants are her legatees, devisees, and executors. Her will was admitted to probate on June 27, 1905, by the surrogate of Queens county. The plaintiffs filed their summons and complaint, with proof of service thereof, in the office of the clerk of the county of Queens on October 18, 1905, and said clerk on January 15, 1906, caused his certificate that an action had been commenced to determine the validity of the probate of said will to be served on the surrogate, as required by the section under which the action is brought. The surrogate did not transmit a certified copy of his record to the Supreme Court as the section of the Code (2653a) requires. The action was upon the calendar of the April, 1906, Queens County Trial Term, and when reached in its regular order was moved by the plaintiffs, and a jury impaneled, immediately following which counsel for defendants moved to dismiss the complaint upon the ground that the record in the Surrogate's Court had not been transmitted to the court, and that without its presence the trial could not proceed. The plaintiffs' counsel thereupon filed two certificates of the clerk of the court, showing the filing of the summons and complaint in his office, his certificate of the procedure and pendency of the action to the surrogate, and the omission of the latter to transmit the record. The learned trial justice granted the defendants' motion, and judgment was accordingly entered dismissing the complaint upon the merits, from which judgment this appeal is taken.

The only question presented by the record for our consideration is whether the omission of the surrogate to perform the duty devolved upon him by section 2653a of the Code furnished a legal ground for the dismissal of the complaint, and this question must be answered in the negative. No absolute duty rested upon the plaintiffs to have the record in court, the omission of which justified so severe a punishment as the dismissal of their complaint upon the merits. The pleadings of both parties allege the admission to probate of the will and the decree entered thereon, which is sufficient to give jurisdiction to the trial court. The section provides that the party sustaining the will shall be entitled to open and close the evidence and argument. "He shall offer the will in probate and rest. The other party shall then offer his evidence." Until the defendants had complied with the Code requirements the case was with them, and a motion to dismiss could not be entertained. Were it conceded, as contended by the respondents, that the power to dismiss was vested in the trial court at that stage of the case, the judgment would nevertheless have to be reversed; for it dismisses the complaint on the merits. No evidence had been offered

establishing the merits, and the court was without power to divest the plaintiffs of their right to a new action by basing its adjudication on the merits.

The judgment must be reversed.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.